H. BELL *v.* W. E. BELLEW, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—828, as Bell v. Belew.]

**Necessary Proof to Set Aside Sheriff's Return.**

Before the sheriff's return showing sale of real estate can be corrected or set aside by one shown by the return to be a purchaser, the proof ought to be so clear as to satisfy the mind that the purchase was made without authority.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 24, 1883.

OPINION BY JUDGE PRYOR:

The testimony that no consent was made or authority given for the purchase of the land of Bellew by the appellant is by no means satis-

factory. The appellant and two others held executions that were levied at the same time on the land of the debtor. This land had been encumbered by prior liens and was sold subject to those liens. The attorney of the appellant was present with the attorneys for the other execution creditors when the sale took place and states that all he said was that he thought it best for all that the land should be purchased by the execution creditors; that he made no bid and was not authorized to make any. The land was sold subject to the lien, and the return by the sheriff is that the land was purchased by the execution creditors subject to the liens, and bidding the amount of their debts they are satisfied. It is to have this return corrected or canceled that this action is brought. There is proof conducing to show that the appellant was present when the sale was made and consented to it, but the weight of the proof is that he was not on the ground. It appears, however, that he afterwards recognized the sale and purchase and told the debtor that he must redeem or that it was to his (the debtor's) interest to redeem. Other statements indicate clearly that he knew of the purchase for him in conjunction with the other execution plaintiffs, and this conduces strongly to show either that he was present when the sale was made, or authorized the bidding. The land had declined in value, and before the court should disregard such a return made by the sheriff, the proof ought at least to be so clear as to satisfy the mind that the purchase was made without authority. Such is not the case here and the judgment below must be *affirmed.*

*Owen & Ellis,* for appellant.

*Wilfred Carrico,* for appellees.